**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADAM RESNICK,

        *Plaintiff*,

v.

MICHAEL T. FLAHERMAN,

        *Defendant*.

Case No. 26-cv-1171 (RA) (RWL)

**STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, Plaintiff Adam Resnick and Defendant Michael T. Flaherman have agreed to the following terms of confidentiality (the "Stipulation"), and the Court has found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information, documents, and testimony exchanged by the parties or provided by nonparties in connection with the pre-trial phase of this action (the "Protective Order"):

1.     Counsel for any party or witness may designate any document, information, or testimony, in whole or in part, as confidential if counsel determines in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information, documents, and testimony designated as confidential will be stamped "CONFIDENTIAL."

2.     Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action and any other action between the parties. Nothing contained in this Order, however, will affect or restrict the rights of any Party

1

with respect to its own documents or information produced in this action, subject to the Confidentiality Provision contained in the parties' Amended and Restated Separation Agreement, dated October 18, 2016.

3.      In the event a party challenges any designation of confidentiality, counsel shall make a good-faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Stipulation constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential Information.

4.      Documents designated as "CONFIDENTIAL" and governed by this Protective Order shall not be disclosed to any person, except:

      a.      The requesting party and counsel;

      b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants, investigators, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d.      The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has

enjoined the disclosure of the information or documents to any other person; and

c.      Require each such person to an acknowledgement to be bound by this Protective Order in the form attached as Exhibit A.

6.      All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of ten days after a transcript of said deposition is received by counsel for each of the parties and/or the relevant witness.  At or before the end of such ten-day period, the parties and/or witness shall identify any portion of the deposition that contains Confidential Information.

7.      This Stipulation shall not preclude counsel for any party from using during any deposition in this action any documents or testimony that have been designated as "Confidential Information" under the terms hereof.  Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Protective Order and shall execute an acknowledgement, in the form of Exhibit A, to comply with and be bound by the terms of this Protective Order.  In the event that, upon being presented with a copy of the Protective Order, a witness refuses to execute the acknowledgement and to be bound by the terms of this Protective Order, the Court shall, upon application, enter an order directing the witness's compliance.

8.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If ultimately so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Protective Order.

3

9.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

10.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.      A party or, as appropriate, nonparty, who seeks to file with the Court (a) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information, or (b) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall file the document, pleading, brief, or memorandum on ECF in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If the producing party fails to move to seal within seven days of the Redacted Filing, the party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

12.      If the producing party makes a timely motion to seal, and the motion is granted, the filing party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the

4

Court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on ECF. If the producing party's timely motion to seal is denied, then the party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

13. Any party or nonparty filing a Redacted Filing shall, contemporaneously with or prior to making the Redacted Filing, provide the other party (or parties) and the Court with a complete and unredacted version of the filing.

14. At the conclusion of this litigation, whether by judgment or dismissal, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. If a receiving party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the receiving party from which the Confidential Information is sought shall (a) give written notice by email to the counsel for the producing party within five business days of receipt of such order, subpoena, or direction, and (b) give the producing party five business days to object to the production of such Confidential Information, if the producing party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

5

16.    This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

17.    This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Protective Order to whom Confidential Information is produced or disclosed.

18.    This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: April 6, 2026

/s/ Michael H. Reed

Michael H. Reed
YANKWITT LLP
*Attorneys for Plaintiff*

/s/ Theresa Trzaskoma

Theresa Trzaskoma
HARRIS TRZASKOMA LLP
*Attorneys for Defendant*

SO ORDERED:

Dated: 4/7/2026

The Honorable Robert W. Lehrburger

**Exhibit A**

**ACKNOWLEDGMENT**

I hereby acknowledge that I have read the Protective Order in *Resnick v. Flaherman*, 26-cv-1171 (RA) (RWL) and confirm that I understand its terms and agree to be bound by them. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____

_____
Signature

Name and Address:

_____

_____

_____

_____
Employer or Business Affiliation

7