**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADAM RESNICK,<br><br>    *Plaintiff*,<br><br> v.<br><br>MICHAEL T. FLAHERMAN,<br><br>    *Defendant*. | Case No. 26-cv-1171 (RA) (RWL)<br><br>**JOINT ELECTRONIC DISCOVERY**<br>**SUBMISSION NO. 1 AND ORDER** |

One or more of the parties to this litigation have indicated they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Submission and Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this submission may become necessary as more information becomes known to the parties.

1. **Brief Joint Statement Describing the Action:**

This is primarily a breach of contract case brought pursuant to the parties' Amended and Restated Separation Agreement, dated October 18, 2016 (the "Agreement").

a. **Estimated amount of Plaintiff(s)' Claims:**

☐ Monetary (absolute number or range): Damages exceeding $500,000, in an amount to be proven at trial.

☐ Equitable Relief (if so, specify): N/A

☐ Other (if so, specify): Reasonable attorneys' fees, costs, and disbursements to the extent allowable by law; pre- and post-judgment interest in an amount

to be determined at trial; and such other and further relief as this Court may deem just and proper.

b. **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

☐ Monetary (absolute number or range): Defendant has yet to engage in discovery and therefore is not in full possession of the information required to calculate damages at this time. Defendant intends to seek recovery of damages for economic loss and the loss of career opportunities, as well as damages for harm to Defendant's professional and personal reputations.

☐ Equitable Relief (if so, specify): N/A

☐ Other (if so, specify): Defendant intends to seek an award of pre- and post-judgment interest to the fullest extent permitted by law; attorneys' fees and costs to the fullest extent permitted by law; and such other and further relief as the Court may deem just and proper.

2. **Competence.** Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

3. **The Parties' Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference. Counsel certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s): April 6, 2026

4. **Unresolved Issues: The following issues concerning discovery of electronic information remain outstanding and/or require court intervention:**

☐ Preservation

☐ Search and Review

☐ Sources of Production

☐ Forms of Production

☐ Identification or Logging of Privileged Material

☐ Inadvertent Production of Privileged Material

☐ Cost Allocation

☐ Other (specify):

5. **Preservation.**

a. **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which data is maintained; identification of computer system(s); and identification of the individual(s) responsible for data preservation, etc. To the extent the parties have reached agreement as to preservation of electronic information, provide details below:**

The parties confirm that they have been instructed to preserve and continue to preserve all electronically stored information relevant to this litigation, including all emails, native text messages, messages on WhatsApp and any other messaging platform (WeChat, Signal, etc.), word processing documents, spreadsheets, notes, calendars, telephone records, and voicemail messages related to this matter, including but not limited to electronically stored information exchanged between the parties and their attorneys, as well as electronically stored information related to the parties' Agreement, including work performed and payments made thereunder. The electronically stored information that the parties have and will continue to preserve includes electronically stored information that was deleted before the parties exchanged litigation holds, as well as back-up and archival electronically stored information.

The parties agree to continue to preserve all relevant electronically stored information, including by setting data destruction or recycling policies to maintain all relevant material (e.g., turning off any settings that would result in the auto-deletion of messages or data after a period of time), for all emails, native text messages, and messages on WhatsApp and any other messaging platform (WeChat, Signal, etc.).

b. **State to the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:**

The parties have discussed this issue and will exchange communications.

c. **The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored information:**

N/A.

6. **Search and Review.**

a. **The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:**

The parties will exchange keyword search lists. The parties agree that their search and review of electronically stored information will be limited to the time period of August 1, 2016 to present. Back-up, archival, and deleted electronically stored information will be searched.

b. **The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:**

N/A.

7. **Production.**

a. *Source(s) of Electronically Stored Information.* **The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, etc.]:**

Email, native text messages, WhatsApp and any other messaging platform (WeChat, Signal, etc.), word processing documents, spreadsheets, notes, calendars, and voicemail messages.

b. *Limitations on Production.* **The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:**

N/A.

c. *Form(s) of Production.* **The parties have discussed and agreed to the following regarding the form(s) of productions (e.g., TIFF, pdf, native, etc.):**

The parties agree that they will exchange productions in TIFF format, except that word processing documents, spreadsheets, and voicemail messages will be produced in their native formats. The parties will produce, upon request, documents in native format if inadequate in TIFF format.  Each production will include a load file containing standard metadata for each document, including:

| Field Name | Sample Data | Comment |
| --- | --- | --- |
| ENDATTACH | ABC00000010 | Last Bates number of the last page in a parent/child email relationship |
| CONFIDENTIALITY | Confidential | Confidentiality designation of a document |
| CUSTODIAN | Doe, John OR John Doe | Owner of the email/document |
| ALL CUSTODIANS | Doe; John; Doe, Jane; OR John Doe, Jane Doe | If the document was globally de-duplicated, the name of each custodian from which the document originated |
| FROM | John.Doe@company.com | Sender of email |
| TO | JaneDoe.Smith@domain.net | Direct or primary recipient(s) of email (listed in To field) |
| CC | Fed.Murray@company.net | Secondary recipient(s) of email (listed in CC field) |
| BCC | Jake.Johnson@domain.net | Blind recipient(s) of email (listed in BCC field) |
| SUBJECT | This is a document | Subject line of email |
| TITLE | This is a document | The extracted document title for a loose e-file or attachment |
| DATESENT | 10/15/2007 | Date email was sent (MM/DD/YYYY) |
| TIMESENT | 18:15:30 | Time email was sent (HH:MM:SS) |
| FILE EXTENSION | MSG (email); DOC (Word) | File extension of the email, attachment or loose e-file |
| FILENAME | Document.doc; jdoe.eml | The file name of the email, attachment or loose e-file |
| AUTHOR | John Doe | The author of the email attachment or loose e-file |

5

| DATECREATED | 10/15/2007 | The create date of the email attachment or lose e-file (MM/DD/YYYY) |
|---|---|---|
| TIME CREATED | 18:15:30 | The create time of the email attachment or loose e-file (HH:MM:SS) |
| DATE MODIFIED | 10/15/2007 | The modified date of the email attachment or loose e-file |
| TIMEMODIFIED | 18:15:30 | The modified time of the email attachment or loose e-file (HH:MM:SS) |
| ORIGINAL FILEPATH | Smith.pst\Personal Folders\Inbox | The path to the email in the mailbox or loose e-file |
| PGCOUNT | 6 | The total number of pages for a document |
| FILESIZE | 125 | The size of the file in KB |
| HASH | 7E8D6F38A8BB6FD50279B274E2E1 | MD5, SHA-1, or SHA-256hash value of the file |
| Redacted | Redacted, Yes, or similar | The field indicates whether a document as been redacted |
| NATIVE_LINK | \NativeFile\test.xlx | Link to native file on the media received |
| TEXTPATH | \TEXT\ABC00000001.txt | The path to the full extracted OR OCR text of the document |

TIFF images will show any and all text and images that would be visible to the reader using the native software that created the document. For example, TIFF images of email messages should include the BCC line.

All attachments, addenda, enclosures, and/or exhibits to a parent document will be produced and identified as they relate to the respective parent document.

The parties will apply Optical Character Recognition (OCR) software to all documents produced as TIFF images.

6

The parties will apply Bates stamps to all documents, which will be zero padded with no blank spaces; i.e., D000000001 (Defendant's Bate Stamp Page 1, P000820009 (Plaintiff's Bate Stamp Page 000820009. If a document is produced in native format, a single-page Bates-stamped TIFF image containing the confidential designation, if applicable, and text stating the document has been produced in native format should also be provided.

The parties will endeavor to deduplicate electronically stored information in such a way as to eliminate multiple copies of the same document.

Documents shall be exchanged through secure file transfer protocols (e.g., FTP) or similar secure electronic transmission.  The production media shall be labeled with the Volume Number along with the Bates Number range(s) of the materials.

Production of electronically stored information need not include any references to the requests to which the electronically stored information may be responsive.

d. **The parties anticipate the need for judicial intervention regarding the following issues concerning production:**

N/A.

8. **Privileged Material.**

a. *Identification.* **The parties have discussed and agreed to the following method(s) for identification (e.g., individual logging, categorical logging, etc.) and redaction of privileged documents:**

The parties agree to use categorical logging to identify privileged documents. The parties also agree to the redaction of privileged documents.

b. *Inadvertent Production / Claw-Back Agreements.* **Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):**

The parties agree that disclosure of privileged documents or information will not constitute a waiver of any such privilege, in this or any other federal or state action. Within ten business days from the date on which a disclosing party discovers that it has disclosed privileged information, it will notify the receiving party by written clawback notice identifying the disclosure(s) and directing the receiving party to promptly return, destroy, and/or make inaccessible the disclosed documents or information and all copies. Within three business days of receipt of the notice, the receiving party will inform the disclosing party that compliance will be effectuated or challenge the notice in a formal responsive writing. If the notice is not challenged, the receiving Party will destroy, return, and/or disable all access to the specified documents or information within ten days or as agreed by the parties. The

7

parties will meet and confer within two business days to resolve the dispute if the notice is challenged. If not resolved, the parties will request an immediate discovery conference.

A receiving party that discovers privileged documents or information will inform the disclosing party in writing within five business days.

c. **The parties have discussed a 502(d) Order. Yes _X_; No __ The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

d. **The parties anticipate the need for judicial intervention regarding the following issues concerning privileged material:**

N/A.

9. **Cost of Production.**

a. *Costs:* **The parties have analyzed their client's data repositories and have estimated the costs associated with production of electronically stored information. The factors and components underlying these costs are estimated as follows:**

Plaintiff: Plaintiff anticipates that the primary costs associated with the production of electronically stored information will be that of vendor fees for a discovery storage and review platform, and attorneys' fees for searching and reviewing such electronically stored information. At this time, Plaintiff cannot calculate the cost of electronic discovery.

Defendant: Defendant anticipates that the primary costs associated with the production of electronically stored information will be that of vendor fees for a discovery storage and review platform, and attorneys' fees for searching the various agreed-upon locations and reviewing for relevance. Defendant anticipates the cost of electronic discovery will be less than $75,000.

b. *Cost Allocation.* **The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:**

The parties will bear their own discovery costs.

c. *Cost Savings.* **The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:**

N/A.

**d. The parties anticipate the need for judicial intervention regarding the following issues concerning the costs of production of electronically stored information:**

N/A.

**10.    Other issues, if any.**

The recipient of any documents that are provided under this Joint Submission shall maintain such information in a reasonably secure and safe manner that ensure access is limited to the persons authorized under the Protective Order entered in this case, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as the recipient would use with respect to its own proprietary information. If the recipient discovers any loss of information from a producing party or a breach of security, including any actual or suspected unauthorized access, relating to materials from a producing party, the receiving party shall:

    i. Promptly provide written notice to the producing party of such breach within 24 hours of the breach discovery.

    ii. Investigate and make reasonable efforts to remediate the effects of the breach, and provide the producing party with assurances that such breach will not occur.

    iii. Provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach. The requesting party agrees to cooperate with the producing party or law enforcement in investigating any such security incident.

    iv. The requesting party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

The preceding constitutes the agreement(s) reached, and disputes existing (if any), between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: Adam Resnick, Plaintiff        By: */s/ Michael H. Reed*

Party: Michael T. Flaherman, Defendant    By: */s/ Theresa Trzaskoma*

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on _____.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for _____.

Additional conferences, or written status reports, shall be set for every ___ weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. A joint agenda should be submitted to the Court three (3) business days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court no less than 48 hours in advance of the scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Dated: 4/7/2026

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE